**In re Kenneth Glen SCHAVE, Debtor.**

**Bankruptcy No. 88 B 01652 J.**

United States Bankruptcy Court,
D. Colorado.

Sept. 22, 1988.

Thomas Kutz, Denver, Colo., for Chapter 13 trustee,

Milnor Senior, III, Denver, Colo., for debtor.

John Weeda, Denver, Colo., for the I.R.S.

### MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH,
Bankruptcy Judge.

THIS MATTER comes before the Court upon an Objection to Confirmation of Chapter 13 Plan Pursuant to 11 U.S.C. Section 1324 filed on behalf of the Chapter 13 Trustee.

■ The Debtor is employed as a "stockbroker" by First Eagle, Inc. It is the Chapter 13 Trustee's contention that because Debtor is so employed, he is excluded from filing a Chapter 13 bankruptcy by 11 U.S.C. § 109(e) which reads:

(e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a *stockbroker* or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

(Emphasis added)

In order to determine if the Debtor falls under the exclusion, this court must decide whether the Debtor is a "stockbroker" as defined in 11 U.S.C. § 101(48).

§ 101.(48) "stockbroker" means person—

(A) with respect to which there is a customer, as defined in section 741(2) of this title; and

(B) that is engaged in the business of effective transactions in securities—

(i) for the account of others; or

(ii) with members of the general public, from or for such person's own account;

If the Debtor is a stockbroker, then he may not file for relief under Chapter 13 of the Bankruptcy Code, but must proceed under the special stockbroker liquidation provisions of Subchapter III of Chapter 7 of the Bankruptcy Code. In order to decide if the Debtor is a stockbroker, the court must first determine if there is a customer.

"Customer" is a statutorily defined term of art and is not used in § 101(48) in its generally accepted sense. Section 741(2) defines "customer" as follows:

"customer" includes—

(A) entity with whom a person deals as principal or agent and that has a claim against such person on account of a security received, acquired, or held by such person in the ordinary course of such person's business as a stockbroker, from or for the securities account or accounts of such entity—

(i) for safekeeping;

(ii) with a view to sale;

(iii) to cover a consummated sale;

(iv) pursuant to a purchase;

(v) as collateral under a security agreement; or

(vi) for the purpose of effecting registration of transfer; and

(B) entity that has a claim against a person arising out of—

(i) a sale or conversion of a security received, acquired, or held as specified in subparagraph (A) of the paragraph; or

(ii) a deposit of cash, a security, or other property with such person for the purpose of purchasing or selling a security;

This definition closely follows the definition found in Section 16(2) of the Securities Investor Protection Act (SIPA). The conferring of customer status on a claimant allows preferential treatment of the claim under both the SIPA and Subchapter III of Chapter 7 of the Bankruptcy Code. The SIPA's enactment was in response to serious problems in the securities industry (H.R.Rep. No. 1613, 91st Cong.Sess. 2 (1970) U.S.Code Cong. & Admin.News p. 5254) and was designed to protect public customers in the event their broker-dealers encountered financial difficulties which prevented them from fulfilling their obligations to such public customers. *SIPC v. Barbour*, 421 U.S. 412, 414, 95 S.Ct. 1733, 1735, 44 L.Ed.2d 263 (1975). Subchapter III of Chapter 7 provides these special protections for customers of stockbrokers. Because these protections are so complex, they are not available to customers if a stockbroker were to file a Chapter 13 and this is why stockbrokers are ineligible to file a Chapter 13. The debts of the debtor in this case are not of the type that the SIPA and Subchapter III of Chapter 7 were designed to protect. The Debtor has no business debts.

The SIPA (and the analogous definition in 11 U.S.C. § 741(2)) assumes that the stockbroker holds customer "accounts", into which or through which the broker deposits or transfers cash, securities, or other property for the purpose of effecting a securities transaction. The accounts are held by the broker in the customer name. Testimony at the hearing held September 9, 1988, indicated that in the case at bar accounts were held by First Eagle, Inc., and not the Debtor, which would indicate that the "customer" belonged to First Eagle. Thus, First Eagle, rather than the Debtor, was the stockbroker, since the Debtor had no customers.

The legislative history of 11 U.S.C. § 101(48) also adds weight to this conclusion. The definition of "stockbroker", derived from a combination of the definitions of "broker" and "dealer" in the SIPA, encompasses both brokers and dealers. The definition is used in § 109 and in subchapter III of Chapter 7. The term does not encompass an employee who acts for a principal that "effects" transactions or deals with the public, because such an employee will not have a "customer". (H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 314 (1977); S.Rep. No. 95–989, 95th Cong.2d Sess. 27 (1978) U.S.Code Cong. & Admin. News pp. 5787, 5812, 6271.

Section 741(2) also requires that the customer have a claim against the stockbroker. The Debtor stated that any claims of "customers" would be made against First Eagle rather than the Debtor. Upon sale, stock was transferred from First Eagle directly to the customer—it was not transferred to the Debtor's account and thence to the customer's account. Payments were made directly from the customer to First Eagle, not to the Debtor. The Debtor does not act as the principal or agent of the "customer" but rather he functions as the agent of First Eagle in effecting securities transactions.

The Chapter 13 Trustee disagrees with the Debtor's contention that he is an employee of First Eagle because Debtor is paid on commission only, from which there are no taxes withheld. However, even if Debtor were not an employee, he is still a salesman for First Eagle and functions as First Eagle's agent.

This Court finds that Debtor is not a stockbroker as that term is defined in 11 U.S.C. § 101(48) and is not excluded from eligibility to be a Chapter 13 debtor.

■ The Chapter 13 Trustee also objects to confirmation of the plan on the grounds of a bad faith filing because Debtor did not list his tax debt or child support arrearages. The Debtor did not file his 1986 and 1987 taxes until April of 1988, several

months after filing his petition. There is no evidence that Debtor knew there would definitely be a tax liability. Additionally, the Debtor has now amended his Plan to include the taxes and child support arrearages. There is not enough evidence before the court to support denial of confirmation of the Plan on the basis of a bad faith filing.

ORDERED that Debtor's Chapter 13 Plan be confirmed.